Filed: 2/19/2018 10:25 PM
Lynne Finley
District Clerk
Collin County, Texas
By Erika Ruiz Deputy
Envelope ID: 22622602

CAUSE NO. __366-00790-2018__

| | | |
|---|---|---|
| JESSICA HUDSON, | § | IN THE DISTRICT COURT OF |
| On Behalf of Herself and | § | |
| All others Similarly Situated | § | |
| | § | |
| Plaintiffs, | § | COLLIN COUNTY, TEXAS |
| | § | |
| v. | § | |
| | § | |
| DIAMOND HEALTHCARE CORP., | § | _____JUDICIAL DISTRICT |
| WELLBRIDGE HEALTHCARE, | § | |
| OCEANS HEALTHCARE, LLC., | § | |
| SRP MEDICAL, LLC | § | |
| | § | |
| Defendants | § | |

## PLAINTIFF'S PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiff, Jessica Hudson, on Behalf of Herself and All Others Similarly Situated ("Hudson" or "Plaintiff") brings this action against Defendants, Diamond Healthcare Corp. ("Diamond"), Wellbridge Healthcare ("Wellbridge"), Oceans Healthcare, LLC. ("Oceans"), and SRP Medical, LLC ("SRP") collectively referred to as "Defendants" for violating the laws of the United States of America, as well as the State of Texas, and alleges the following:

### I.   PARTIES

1. Plaintiff is an individual who is a resident of Collin County, Texas and can be reached by and through her counsel of record, Vincent Bhatti and Ditty Bhatti, The Bhatti Law Firm, 14785 Preston Road, Suite 550, Dallas, Texas 75254.

2. Defendant, Diamond Healthcare Corporation ("Diamond") is a Virginia corporation that is authorized to do business in Collin County, Texas and may be served by and

**PLAINTIFF'S PETITION** PAGE 1

through its registered agent, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201.

3. Defendant, Wellbridge Healthcare ("Wellbridge") is a Texas company that is authorized to do and does business in Collin County, Texas and may be served at its business located at 4301 Mapleshade Lane, Plano, TX 75093.

4. Defendant, Oceans Healthcare, LLC. ("Oceans") is a Texas company that is authorized to do and does business in Collin County, Texas and may be served by and through its registered agent, TRAC – The Registered Agent Company located at 815 Brazos St., Suite 500, Austin, TX 78701.

5. Defendant, SRP Medical, LLC ("SRP") is a Texas company that is authorized to do and does business in Collin County, Texas and may be served by and through its registered agent, Scott H. Wilson, 8343 Douglas Ave, Suite 350, Dallas, TX 75225.

## II. JURISDICTION, VENUE, AND DISCOVERY PLAN

6. Plaintiff was employed by Diamond Healthcare, Wellbridge Healthcare, Oceans Healthcare, LLC and SRP Medical, LLC (collectively referred to hereinafter as "Defendants") within the meaning of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA"). At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§206-207.

7. Defendants Diamond, Wellbridge, Oceans, and SRP (collectively referred to as "Defendants") are all engaged in commerce or the production of goods for commerce within the meaning of the FLSA, and are obligated to ensure that all employees are paid in accordance with the FLSA.

**PLAINTIFF'S PETITION**  PAGE 2

8. This Court has jurisdiction to hear the merits of Plaintiff's claims because state courts have concurrent jurisdiction with federal courts on cases filed under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). In addition, Plaintiff's damages are within the jurisdictional limit.

9. Venue is proper as to all parties in Collin County, Texas, because issues in question occurred in Collin County, the contract in question was executed in Collin County, and Defendants' breach of contract and torts were performed in Collin County, pursuant to §§15.011, 15.092, and 15.093, respectively.

10. All conditions precedent have been performed or have occurred.

11. Pursuant to 29 U.S.C. § 216(b), Plaintiff brings her FLSA claims as a collective action on behalf of herself and all other similarly situated employees of Defendant who elect to opt into this action.

12. Plaintiff intends that discovery will be conducted in accordance with a Level 2 discovery control plan pursuant to Rule 190.4 of the Texas Rules of Civil Procedure. Plaintiff seeks monetary relief between $100,000 and $200,000.

### III. FACTS

13. At all times relevant to this case, Defendants Diamond, Wellbridge, Oceans and SRP (collectively referred to as "Defendants") have been an "employer" of Plaintiff within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all times relevant to this case, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r) and 203(s).

15. At all times relevant to this case, Defendants have been an enterprise engaged in commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said

**PLAINTIFF'S PETITION** PAGE 3

Case 4:18-cv-00283-BAS Document 1-43 Filed 04/20/18 Page 4 of 11 PageID #: 80
enterprises have had (a) employees engaged in commerce or in the production of goods or commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. In addition, said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

16. At all times relevant to this case, Plaintiff was an individual employee who was engaged in commerce pursuant to 29 U.S.C. §§ 206-207.

17. Plaintiff was employed by Defendants within the applicable statute of limitations.

18. Plaintiff was employed by Defendants from approximately August 16, 2016 to May 26, 2017 (hereinafter, the "Covered Period").

19. Plaintiff worked for Defendants as an Intake Coordinator during the Covered Period.

20. Throughout the Covered Period, Plaintiff was a full-time employee of Defendants.

21. Throughout the Covered Period, Defendants required Plaintiff to complete a workload that required significant hours over 40 hours in a week under FLSA (barring vacation days, sick days, or other days off from her schedule).

22. Plaintiff was not allowed proper lunch breaks or bathroom breaks.

23. Plaintiff's work shifts for Defendants consistently totaled more than forty (40) hours per week.

24. On or about August 16, 2016, Plaintiff was hired by Defendants as an Intake Coordinator.

25. Plaintiff was not paid for overtime hours as required under the FLSA.

26. Plaintiff was misclassified as salaried and therefore exempt.

**PLAINTIFF'S PETITION** PAGE 4



27. During her employment with Defendants, Plaintiff earned Paid Time Off ("PTO").

28. A significant factor in Plaintiff's decision to take the job with Defendants was the extent and nature of the benefits offered by Defendants.

29. Plaintiff attempted to utilize Defendants PTO on several occasions using Defendants policy on requesting PTO.

30. Plaintiff was denied the use of her PTO on numerous occasions.

31. Plaintiff's supervisor discouraged the use of PTO.

32. Plaintiff was pregnant during the covered period and was so overworked she had a miscarriage.

33. Given the nature and demands of the position along with the failure to pay for numerous overtime hours, Plaintiff resigned her position with Defendants.

34. Plaintiff was under the impression that since she was denied her PTO throughout her tenure with Defendants that she could cash in her hours for a monetary benefit.

35. Plaintiff earned approximately 117 PTO hours during her tenure with Defendants.

36. Defendants denied Plaintiff the value of her PTO citing a policy by a new company that had taken over the hospital, namely Diamond.

37. Plaintiff was induced into taking the position based partly on the benefits and was essentially denied every opportunity to utilized said benefit.

38. The aforementioned acts and conduct by Defendants, its agents and employees were intentional, willful, wanton, malicious and outrageous.



**PLAINTIFF'S PETITION** PAGE 5

## IV. CAUSES OF ACTION - VIOLATION OF THE FLSA

39. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

40. At all times relevant to this case, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff, and those similarly situated to her, performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff, and those similarly situated to her, for those hours worked in excess of forty within a workweek.

41. Defendants also justified not paying overtime earned throughout the week by misclassifying employees as "salaried" and/or "exempt" employees.

42. Defendants failed to keep proper records of Plaintiff's time worked as well as those records of similarly situated employees.

43. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff, and those similarly situated to her, time and one half their regular rate of pay for each hour worked in excess of forty (40) per workweek in one or more workweeks, Plaintiff, and those similarly situated to her, have suffered damages plus incurring reasonably attorneys' fees and costs.

44. As a result of Defendants' willful violation of the FLSA, Plaintiff and those similarly situated to her, are entitled to liquidated damages, interest, attorney's fees and court costs.

## V. BREACH OF CONTRACT

45. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

**PLAINTIFF'S PETITION**



PAGE 6

46. Plaintiff and Defendants entered into an employment contract when they decided to engage in the employer-employee relationship.

47. Defendants agreed to provide PTO benefits to Plaintiff in exchange for Plaintiff working the Intake Coordinator position.

48. Plaintiff worked the Intake Coordinator position per the agreement.

49. Defendants breached the agreement by failing to allow Plaintiff to take PTO throughout her tenure.

## VI. NEGLIGENT AND INTENTIONAL MISREPRESENTATION

50. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

51. Defendants stated that they would offer PTO benefits to Plaintiff prior to Plaintiff taking the position with Defendants.

52. Defendants had a pecuniary interest in having Plaintiff take the position of Intake Coordinator.

53. Defendants did not exercise reasonable care or competence in communicating the reality of taking PTO to Plaintiff and/or intentionally misrepresented the value of the PTO benefit to Plaintiff.

54. Plaintiff relied upon Defendants' representations that the PTO was an earned benefit that could be used and took the position of Intake Coordinator.

55. Plaintiff was denied the use of the PTO while working for Defendants and therefore suffered damages relying on the false representations of Defendants.

**PLAINTIFF'S PETITION** PAGE 7



## VII. QUANTUM MERUIT

56. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

57. Plaintiff provided good and valuable services to Defendants in the position of Intake Coordinator.

58. Defendants accepted the benefit of Plaintiff's good and valuable services in the position of Intake Coordinator.

59. Defendants were reasonably notified that Plaintiff wished to be compensated for the good and valuable services she provided namely in the form of PTO hours.

60. Defendants did not provide a reasonable value in light of the services provided by Plaintiff specifically in light of the PTO benefit.

## VIII. PROMISSORY ESTOPPEL

61. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

62. Defendants made a promise to provide Plaintiff with an earned PTO benefit.

63. Defendants could reasonably foresee that Plaintiff would relied on the promise of an earned PTO benefit when accepting and working the position of Intake Coordinator.

64. Plaintiff did rely upon Defendants' promise to pay PTO benefits.

65. Plaintiff suffered injustice as a result of Defendant failing to allow Plaintiff to take her PTO benefit and further not allowing Plaintiff to cash out her earned PTO hours upon resignation.

66. The injustice caused by this situation can only be remedied by Defendant paying Plaintiff's full PTO benefit for all 117 hours earned.

PLAINTIFF'S PETITION PAGE 8

## IX. ATTORNEYS' FEES AND COSTS

67. The preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

68. Plaintiff is entitled to recover attorneys' fees and costs for bringing this action pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq. and as allowed by the Texas Labor Code.

## X. REQUEST FOR DISCLOSURE

69. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff is requested to disclose within 30 days of service of this Answer, the information described in Rule 194.2 of the Texas Rules of Civil Procedure.

## XI. JURY DEMAND

70. Plaintiff requests a trial by jury.

## XII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jessica Hudson, respectfully requests that this Court award her judgment against Defendants, Diamond, Wellbridge, Oceans, and SRP, for the following:

    a. Actual and consequential damages;

    b. Liquidated damages;

    c. Attorneys' fees and expenses;

    d. Pre-judgment and post-judgment interest as allowed by law;

    e. Judgment against Defendants for an amount equal to Plaintiffs' unpaid back wages at the applicable overtime rate;

    f. Judgments against Defendants that their violations of the FLSA were willful;

g. Costs of court; and

h. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**The Bhatti Law Firm, PLLC**

s/Vincent J. Bhatti
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803
14785 Preston Road
Suite 550
Dallas, TX 75254
Telephone: (214) 253-2533
Facsimile: (214) 279-0033
Vincent.bhatti@bhattilawfirm.com
Ditty.bhatti@bhattilawfirm.com
**ATTORNEYS FOR PLAINTIFF,
JESSICA HUDSON**



**PLAINTIFF'S PETITION**                                            PAGE 10

Case 4:18-cv-00283 Document 1-4 Filed 04/20/18 Page 12 of 12 PageID #: 25



STATE OF TEXAS )
COUNTY OF COLLIN )

I, Lynne Finley, District Clerk in and for Collin County Texas, do hereby certify that the above foregoing is a true and correct copy of the original document as the same appears on the file in the District Court, Collin County, Texas. Witness my hand and seal of said Court, this the ___ day of ___ A.D., 20 __.

LYNNE FINLEY, DISTRICT CLERK
COLLIN COUNTY, TEXAS

_____ DEPUTY